IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-105-RJ

| | |
|---|---|
| CHARLES ELLIS JOHNSON, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a motion for attorney's fees filed by Plaintiff's counsel, James B. Gillespie, Jr., pursuant to 42 U.S.C. § 406(b). [DE-37]. Defendant responded to the motion but took no position. [DE-38]. For the reasons that follow, the motion is allowed, and counsel is awarded $10,132.50 and shall refund to Mr. Johnson $6,000.00 in fees previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## I. BACKGROUND

Plaintiff, proceeding *in forma pauperis*, filed a complaint contesting the denial of disability benefits. [DE-1, -6]. The parties consented to have a magistrate judge conduct all proceedings in the case, which was reassigned to the undersigned. [DE-20, -21]. Plaintiff filed a motion for judgment on the pleadings with supporting memorandum [DE-24, -25], and Defendant responded by filing a cross-motion for judgment on the pleadings and supporting memorandum, [DE-28, -29]. The court allowed Plaintiff's motion and remanded the case for further proceedings. [DE-30]. Upon stipulation and agreement of the parties, the court awarded Plaintiff $6,000.00 in attorney's fees under the EAJA. [DE-35].

On remand, the Commissioner issued a favorable decision approving Plaintiff's application and awarding past due benefits in the amount of $64,530.00, from which 25%, or $16,132.50, was withheld to pay attorney's fees. Pl.'s Mot. [DE-37] ¶ 5. Counsel submitted a fee application for $6,000.00 to the Administrative Law Judge ("ALJ") for representation at the administrative level and asks the court to award the remaining $10,132.50 pursuant to the contingency fee agreement between counsel and Mr. Johnson. *Id.* ¶ 7–8. Counsel proposes to return to Mr. Johnson the $6,000.00 previously awarded under the EAJA. *Id.* ¶ 9. In support of the motion, counsel offers the September 18, 2019 and February 2, 2020 notices of award, the fee agreement, and counsel's affidavit reflecting 33 hours and 34 minutes of attorney time expended in this case. [DE-37-1 through -37-3].

## II. DISCUSSION

Under section 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has instructed that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" and the court must review these arrangements "as an independent check, to assure that they yield reasonable results in a particular case." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In conducting its review, the court may find a reduction in the contingent fee appropriate when "(1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of

2

the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808). A "reviewing court should disallow 'windfalls for lawyers,'" *Gisbrecht*, 535 U.S. at 808 (quoting *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). Factors courts have considered in determining whether a feed award will result in a "windfall" include "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Murrell v. Colvin*, No. 4:13-CV-124-FL, 2016 WL 4287813, at *1 (E.D.N.C. Aug. 15, 2016) (citations omitted).

Additionally, a fee award under section 406(b) allows only "attorney's fees for representation in court, or for court-related work." *Mudd*, 418 F.3d at 428. However, in assessing reasonableness, the court may appropriately consider "the time spent and work performed by counsel on the case when it was pending at the agency level," which may provide context for the factors "relevant to [the] reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.* Where attorney's fees are awarded under both 28 U.S.C. § 2412(d) and 42 U.S.C. § 406(b)(1)(A), "the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award." *Thomas v. Barnhart*, No. 1:02-CV-198, 2005 WL 894886, at *2 (W.D. Va. Apr. 18, 2005). In such a case, the "claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted).

3

Applying the framework set forth above, the court finds that the requested attorney's fees are reasonable. Counsel has presented a contingent fee agreement providing for counsel's entitlement to 25% of the past due disability benefits awarded, which is no greater than the statutory ceiling. *See Mudd*, 418 F.3d at 428 ("As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . §406(b) simply instructs a court to review the agreement for reasonableness.") (citing *Gisbrecht*, 535 U.S. at 807). The SSA informed Mr. Johnson that it withheld 25% of past due benefits, or $16,132.50, in order to pay approved attorney's fees. [DE-37] ¶ 5. Thus, the requested fee is in accord with the contingency-fee character of the representation. *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("Deference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'") (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

With respect to the results achieved, through counsel's efforts Mr. Johnson's claim was remanded for further proceedings, ultimately resulting in an award of past due benefits. There is no evidence of delay tactics employed by counsel, and the case was handled efficiently. Counsel, who is an experienced practitioner in federal court, filed a well-supported motion for judgment on the pleadings, evidencing thorough research and application of law to the particular facts of Plaintiff's claim, rather than boilerplate recitations. [DE-25]. Finally, the fee is not out of line with the character of the representation and the results achieved.

Accordingly, having considered the relevant factors herein identified, the court finds the requested attorney's fees are reasonable and awards counsel $10,132.50. Counsel shall return to Mr. Johnson the $6,000.00 in fees previously awarded under the EAJA.

4

## III. CONCLUSION

For the reasons stated herein, the motion for attorney's fees [DE-37] is allowed in the amount of $10,132.50, and counsel shall return to Plaintiff the $6,000.00 in fees previously awarded pursuant to the EAJA.

SO ORDERED, the  19  day of March, 2020.

Robert B. Jones, Jr.
United States Magistrate Judge